*IN THE UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF TEXAS*
*MARSHALL DIVISION*

| | | |
|---|---|---|
| ROGER MARTIN, Individually & on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-cv-262 |
| SAFECO INSURANCE COMPANY OF INDIANA, | § § § § | |
| Defendant. | § | |

## *PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT*

***TO THE HONORABLE UNITED STATES DISTRICT JUDGE:***

**COMES NOW, ROGER MARTIN,** Individually & On Behalf of All Others Similarly Situated, and files this, his Original Class Action Complaint, and, in support thereof, would respectfully show unto the Court as follows:

### *I.*

### *PARTIES*

1. **ROGER MARTIN** is an individual residing in the Eastern District of Texas.

2. **SAFECO INSURANCE COMPANY OF INDIANA** ("**SAFECO**") is a foreign fire & casualty company with its principal place of business located Boston, Massachusetts. It may be served through its Attorney for Service, Corporation Service Company, at 211 East 7th Street, Austin, Texas 78701-3218.

## II.

## *JURISDICTION & VENUE*

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (West 2019) in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.

4. Additionally, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) (West 2019) in that this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000.00 and Plaintiff is a citizen of a state different from Defendant.

5. Moreover, there is no basis for the Court to decline to exercise jurisdiction under 28 U.S.C. § 1332(d)(3) in that more than 2/3 of the members of the proposed plaintiff class are citizens of a state different from Defendant.

6. Similarly, the Court is not required to decline jurisdiction under 28 U.S.C. § 1332(d)(4) because Defendant is the sole party from which significant relief is sought and is not a citizen of the state in which this action has been filed.

7. Venue is proper in this Court in that all or a substantial portion of the facts giving rise to Plaintiff's claims occurred in the Eastern District of Texas. Specifically, the accident made the basis of this suit, the issuance of the policy in question and the violation of the agreement all occurred in the Eastern District of Texas.

## *III.*

## *NATURE OF SUIT*

8. This suit arises from **SAFECO's** longstanding practice of recouping "recoverable depreciation" and claims adjusting expenses through subrogation. **SAFECO** provides replacement cost homeowners' insurance to tens of thousands of Texans. In the event of a covered loss, **SAFECO** pays the full replacement cost of property damaged or destroyed. Under the terms of the policies, "replacement cost" includes the actual cash value of the property plus recoverable depreciation. Meanwhile, policyholders asserting claims against third parties responsible for covered losses recover only the actual cash value of damaged or destroyed property and the . Even though a subrogated insurance carrier indisputably has no greater rights than its policyholder, **SAFECO** nonetheless demands reimbursement of the full amount of its outlays — including recoverable depreciation and claims adjusting expenses — from policyholder third party recoveries.

9. For himself and all other individuals insured under **SAFECO** Texas homeowners' policy form CHO-6295/TXEP R1 10/08 and substantially similar policy forms **ROGER MARTIN** alleges that **SAFECO** failed to comply with the insuring agreement when it recouped amounts paid for recoverable depreciation and its own claims adjusting expenses from the third party responsible for his losses.

10. **ROGER MARTIN** further alleges that by recouping the amounts paid for "recoverable depreciation" and its own claims adjusting expenses, **SAFECO** converted and misappropriated identifiable funds rightfully belonging to policyholders.

11. In addition, **ROGER MARTIN** seeks a declaration that these policy forms do not create any right of contractual subrogation against a policyholder's third party recovery in the absence of an assignment of rights of recovery signed by the policyholder.

12. Further, **ROGER MARTIN** seeks a declaration that to the extent **SAFECO** possesses an equitable right of subrogation, its claim does not include the right to recover amounts it paid for "recoverable depreciation" or its own claims adjusting expenses.

13. Finally, **ROGER MARTIN** seeks a declaration that **SAFECO's** equitable right of subrogation, if any, is subject to the Texas common law made-whole and common fund doctrines.

## IV.

## NATURE OF RELIEF SOUGHT

14. **ROGER MARTIN** asks the Court to grant the following relief:

    (a) An Order certifying this case as a class action pursuant to Rule 23(b)(2) and Rule 23(b)(3), FED. R. CIV. P., and appointing Plaintiff and his Counsel to represent the Class;

    (b) Judgment that **SAFECO** failed to comply with its insuring agreement when it recouped the funds paid for recoverable depreciation and/or claims adjusting expenses;

    (c) Judgment that **SAFECO** converted property to which policyholders were rightfully entitled when it appropriated third party settlement recoveries to reimburse itself for recoverable depreciation and claims adjusting expenses;

(d) Declaratory Judgment that **SAFECO's** Texas homeowners' policy form CHO-6295/TXEP R1 10/08 and substantially similar policy forms do not create a right of contractual subrogation in the absence of an assignment of rights of recovery signed by the policyholder;

(e) Declaratory Judgment that **SAFECO's** right of subrogation, if any, under Texas homeowners' policy form CHO-6295/TXEP R1 10/08 and substantially similar policy forms does not include the right to recover any amounts paid as "recoverable depreciation" or any claims adjusting expenses;

(f) Declaratory Judgment that **SAFECO's** right of subrogation, if any, under Texas homeowners' policy form CHO-6295/TXEP R1 10/08 and substantially similar policy forms is subject to equitable defenses including the Texas common law made whole and common fund doctrines;

(g) Notice to the Class apprising its members of the relief granted herein;

(h) An award of actual damages resulting from **SAFECO**'s breach of contract and conversion of property and

(i) An award of reasonable attorney's fees, expenses of litigation and all costs of Court including the cost of Class member notification.

## V.

## **LEGAL BACKGROUND**

14. As this Court has recently noted, Texas law recognizes two types of subrogation — contractual (also known as "conventional") and equitable (also known as "legal"). *LGS Techs., Inc., United States Fire Ins. Co.*, 2016 U.S. Dist. LEXIS 91089, *7 (E.D. Tex. 2016).

15. Contractual/conventional subrogation is created by an agreement or contract that grants the right to pursue reimbursement from a third party in exchange for payment of a loss. *Id.*

16. Equitable/legal subrogation does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. *Id.*

15. In either event, the insurer's right of subrogation is derived from and limited by the rights of the insured. *E.g., Mt. Hawley Ins. Co. v. Lexington Ins. Co.,* 110 Fed. App'x 371, 374 (5th Cir. 2004).

16. More succinctly, an insurer proceeding in subrogation "stands in the shoes of the one whose rights it claims, and ***the extent of [its] remedy and the measure of its rights are controlled by those possessed by the subrogor.***" *Id.* (emphasis added).

17. In the absence of an express agreement to the contrary, an insurer's right of subrogation is subject to equitable defenses such as the common law "made whole doctrine." *See, e.g., Fortis Benefits v. Cantu,* 234 S.W.3d 642, (Tex. 2007).

18. Under the "made whole doctrine," an insurer is not entitled to subrogation "if the insured's loss is in excess of the amounts recovered from the insurer and the third party causing the loss." *Ortiz v. Great S. Fire & Cas. Ins. Co.*, 597 S.W.2d 342 (Tex. 1980).

## VI.

## FACTUAL BACKGROUND

19. On the afternoon of May 30, 2018 in the Eastern District of Texas, a careless motorist crashed his vehicle through the front wall of **ROGER MARTIN's** home and plowed its way through the living room into the rear lawn (the "Accident").

20. At the time of the Accident, **ROGER MARTIN's** home and contents were protected against physical damage by a **SAFECO** Texas homeowners' policy form CHO-6295/ TXEP R1 10/08 (the "Policy").

21. The Policy specifically provided coverage for "direct physical loss" caused by "vehicles."

22. In the event of a covered loss, the Policy provided that **SAFECO** would pay the "full cost of repair or replacement" in the event of damage or loss to **ROGER MARTIN's** home or its contents.

23. The Policy did not include a contractual right of subrogation.

24. The Policy did include a provision entitled "Our Right to Recover Payment" which provided simply that "You may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent payment is made by us."

25. **SAFECO** paid $60,792.29 to repair **ROGER MARTIN's** home and to repair or replace his personal property.

26. Of this amount, $3,324.28 represented "recoverable depreciation" paid by **SAFECO** as part of the replacement cost coverage for the contents of **ROGER MARTIN's** home.

27. **SAFECO** also paid $5,245.00 toward the additional living expenses **ROGER MARTIN** incurred as a result of the Accident.

28. Of this amount, at least $200.00 represented loss adjusting expenses paid by **SAFECO** for the services of a third party vendor known as "CRS Temporary Housing."

29. On September 18, 2018, **ROGER MARTIN** filed suit for damages in excess of $200,000.00 against the motorist responsible for the damage to his home and personal property.

30. On May 14, 2019, **ROGER MARTIN** agreed to settle his claims against the motorist for its $100,000.00 limit of liability insurance coverage.

31. The combination of the $60,792.29 **ROGER MARTIN** recovered from **SAFECO** and the $100,000.00 third party liability settlement did not fully compensate **ROGER MARTIN** for his damages resulting from the accident.

32. At no time did **SAFECO** request an assignment of rights of recovery from **ROGER MARTIN.**

33. At no time did **ROGER MARTIN** execute an assignment of rights of recovery in favor of **SAFECO.**

34. Nonetheless, **SAFECO** asserted a claim in subrogation against **ROGER MARTIN's** third party recovery and demanded reimbursement of the full $60,792.29 it had paid.

35. ***SAFECO's*** demand included $3,324.28 of recoverable depreciation and at least $200.00 in claims adjusting expenses.

36. Despite ***ROGER MARTIN's*** objections, the third party liability insurance carrier accepted ***SAFECO***'s demand and paid the full $60,792.29 demand directly to ***SAFECO***.

37. The funds recovered by ***SAFECO*** properly belonged to ***ROGER MARTIN***.

## *VII.*

## *CLASS ACTION ALLEGATIONS*

## *A.*

## *PRE-REQUISITES OF RULE 23(a)*

42. ***ROGER MARTIN*** brings this action for himself and on behalf of all others similarly situated. The Class Plaintiff seeks to represent is defined as follows:

    All individuals and entities insured under a Texas homeowners' policy form CHO-6295/ TXEP R1 10/08 or substantially similar policy form against whose third party liability recovery ***SAFECO*** has asserted a claim for recoverable depreciation and/or claims adjusting expenses in the four years preceding the filing of this action.

43. The proposed Class does not include the Judges of this Honorable Court, the Justices of the United States Court of Appeals for the Fifth Circuit, the Justices of the United States Supreme Court, the United States of America, the State of Texas or any affiliated or related entities.

44. Plaintiff would show the Court that, due to their numerosity, the joinder of individual class members in this case is patently impracticable. FED. R. CIV. P. 23(a)(1).

    (a)    ***SAFECO*** has sold more than $350 million worth of property & casualty insurance in this state in each year since 2016.

    (b)    During the same period, ***SAFECO*** has paid more than 50,0000 Texas homeowners' insurance claims totaling in excess of $700 million.

    (c)    For these reasons, the Class will include hundreds — if not thousands — of individuals and entities scattered throughout the State of Texas.

    (d)    The precise location and identity of these individuals and entities is presently known only to ***SAFECO***.

45.    Plaintiff would further show the Court that there is a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented in this action which predominate over questions that may affect only individual class members. FED. R. CIV. P. 23(a)(2).

46.    The issues common to the class include, but are not limited to

    (a)    whether ***SAFECO's*** Texas homeowners' policy form CHO-6295/TXEP R1 10/08 and substantially similar policy forms create a contractual right of subrogation;

    (b)    whether ***SAFECO*** may exercise a right of subrogation against responsible third parties for "recoverable depreciation" paid to its insureds as part of its replacement cost coverage obligations;

    (c)    whether ***SAFECO*** may exercise a right of subrogation against responsible third parties for claims adjusting expenses such as the fees paid to CRS Temporary Housing;

    (d)    whether ***SAFECO*** breached its insurance contract by recouping recoverable depreciation from its insureds' subrogation recoveries;

    (e)    whether ***SAFECO*** converted its insureds' subrogation recoveries by recouping recoverable depreciation from its insureds' subrogation recoveries;

    (f)    whether ***SAFECO*** breached its insurance contract by recouping loss adjusting expenses from its insureds' subrogation recoveries and

    (g)    whether ***SAFECO*** converted its insureds' subrogation recoveries by recouping loss adjusting expenses from its insured's subrogation recoveries.

47.    Plaintiff would further show the Court that the claims of ***ROGER MARTIN*** are typical of the claims of the Class as a whole.  FED. R. CIV. P. 23(a)(3).

    (a)    Like the other members of the Class, ***ROGER MARTIN*** sustained a covered loss while insured under a ***SAFECO*** Texas homeowners' policy which promised to pay the full replacement cost of his home and personal property.

    (b)    Despite the fact that it did not request or receive an assignment of ***ROGER MARTIN's*** rights of recovery, ***SAFECO*** asserted a claim in subrogation against the third party responsible for ***ROGER MARTIN's*** damages — including amounts paid for recoverable depreciation and claims adjusting expenses.

    (c)    When ***ROGER MARTIN*** settled his claims against the responsible third party, ***SAFECO*** recouped the amounts it had paid for recoverable depreciation and claims adjusting expenses.

    (d)    By definition, each member of the proposed Class will have sustained a similar misfortune and been subjected to the same misconduct by ***SAFECO***.

48. Further, **ROGER MARTIN** would further show the Court that he will adequately represent the interests of the entire Class. FED. R. CIV. P. 23(a)(4).

    (a) He will vigorously pursue his claims and protect the interests of the absent Class members.

    (b) There is no antagonism or conflict of interest between **ROGER MARTIN** and the other members of the Class.

49. Finally, **ROGER MARTIN** has retained competent counsel to pursue the interests of the Class. The undersigned served as Class Counsel in numerous national and statewide class actions before this Court including *Vaughn v. American Honda Motor Co*.

### B.
### PRE-REQUISITES OF RULE 23(b)(2)

50. **ROGER MARTIN** would further show the Court that his claim for declaratory relief case are maintainable as a class action under Rule 23(b)(2), FED. R. CIV. P., in that **SAFECO** has acted and refused to act on grounds generally applicable to the entire Class thereby making injunctive and declaratory relief appropriate as to the Class as a whole.

51. More particularly, **SAFECO** has maintained that it is entitled to exercise rights of subrogation even in the absence of an assignment of rights of recovery executed by the policyholder and recouped payments of "recoverable depreciation" and its own claims adjusting expenses from policyholder third party recoveries without regard to whether its policyholders have been "made whole."

52. Every member of the Class will benefit from a declaration that the policies in question do not create a right of subrogation and that any equitable right of subrogation that may arise by operation of law does not include amounts paid for "recoverable depreciation" or claims adjusting expenses.

## C.

## PRE-REQUISITES OF RULE 23(b)(3)

53. **ROGER MARTIN** would further show the Court that his claims for breach of contract, conversion and money had & received are maintainable as a class action under Rule 23(b)(3), FED. R. CIV. P., in that issue of law and fact common to the class predominate over issues affecting only individual class members and a class action is a superior to other forms of adjudication.

54. The common questions presented by these claims include — but are not limited to — the following:

    (a)   Whether **SAFECO** failed to comply with the terms of the Policy when it recouped amounts paid for recoverable depreciation from policyholders' third party recoveries;

    (b)   Whether **SAFECO** failed to comply with the terms of the Policy when it recouped claims adjusting expenses from policyholders' third party recoveries;

    (c)   Whether **SAFECO** wrongfully exercised dominion and control over funds rightfully belonging to its policyholders when it recouped amounts paid for recoverable depreciation from policyholders' third party recoveries;

(d) Whether **SAFECO** wrongfully exercised dominion and control over funds rightfully belonging to its policyholders when it recouped claims adjusting expenses from policyholders' third party recoveries;

(e) Whether the Policy created a right of subrogation in the absence of an assignment of rights of recovery executed by the policyholder;

(f) Whether **SAFECO's** right of subrogation — if any — is subject to the equitable "made whole" and "common fund" doctrines and

(g) The extent to which **SAFECO** must reimburse amounts wrongfully taken from policyholder third party recoveries.

55. These common issues are susceptible of class-wide proof and answers to the question presented by **ROGER MARTIN** will produce answers as to every member of the class.

## VIII.

## CAUSES OF ACTION

### A.

### BREACH OF CONTRACT

56. **ROGER MARTIN** would show the Court that **SAFECO** failed to comply with the terms of the parties' agreement.

57. In particular, **ROGER MARTIN** would show the Court that by recouping amounts paid for "recoverable depreciation" and claims adjusting expenses, **SAFECO** broke its promise to pay such sums in the event of a covered loss.

58. **SAFECO's** failure to comply was an unexcused, material breach of the agreement.

## B.

## *CONVERSION*

59. **ROGER MARTIN** would likewise show the Court that **SAFECO** converted funds rightfully belonging to him and the members of the proposed Class.

60. In particular, **ROGER MARTIN** would show the Court that by recouping amounts paid for "recoverable depreciation" and claims adjusting expenses, **SAFECO** wrongfully exercised dominion and control over funds rightfully belonging to its policyholders.

## C.

## *MONEY HAD & RECEIVED*

61. Finally, **ROGER MARTIN** would show the Court that **SAFECO** holds money that in equity and good conscience belongs to him and the other members of the proposed Class.

62. In particular, **ROGER MARTIN** would show the Court that **SAFECO** has no right to recoup amounts paid for "recoverable depreciation" and claims adjusting expenses from its policyholders' third party recoveries.

## IX.

## <u>*DAMAGES*</u>

42. In his individual capacity, **ROGER MARTIN** seeks recovery of the full $60,792.29 which **SAFECO** converted from his third party recovery together with all costs and reasonable attorney's fees incurred as a result of **SAFECO's** failure to comply with the terms of the parties' agreement.

43. On behalf of the every member of the proposed Class, **ROGER MARTIN** seeks to recover the amounts **SAFECO** converted from their third party recoveries as its purported reimbursement of "recoverable depreciation" and/or claims adjusting expenses.

44. Alternatively, **ROGER MARTIN** seeks disgorgement of all amounts recouped by **SAFECO** from policyholder third party recoveries as its purported reimbursement of "recoverable depreciation" and/or claims adjusting expenses.

***WHEREFORE, PREMISES CONSIDERED***, **ROGER MARTIN** Individually & On Behalf of All Others Similarly Situated, respectfully prays that the Court:

- Certify this case as a class action pursuant to Rules 23(b)(2) and 23(b)(3), FED. R. CIV. P., and appoint **ROGER MARTIN** and his Counsel to represent the plaintiff Class;

- Order **SAFECO** to notify the Class of the pendency of this action and the Court's appointment of **ROGER MARTIN** and his Counsel to represent their interests;

- Enter Judgment that **SAFEO** failed to comply with the insuring agreement by recouping amounts it paid as recoverable depreciation and claims adjusting expenses from its insureds' third party recoveries;

- Enter Judgment that **SAFECO** converted funds rightfully belonging to **ROGER MARTIN** and the other members of the Class by recouping amounts it paid as recoverable depreciation and claims adjusting expenses from its insureds' third party recoveries;

- Declare that **SAFECO's** Texas homeowners' policy form CHO-6295/TXEP R1 10/08 and substantially similar policy forms do not create a right of contractual subrogation in the absence of an assignment of rights of recovery signed by the policyholder;

- Declare that **SAFECO's** right of subrogation, if any, under Texas homeowners' policy form CHO-6295/TXEP R1 10/08 and substantially similar policy forms does not include the right to recover any amounts paid as "recoverable depreciation" or any claims adjusting expenses;

- Declare that **SAFECO's** right of subrogation, if any, under Texas homeowners' policy form CHO-6295/TXEP R1 10/08 and substantially similar policy forms is subject to the Texas common law made whole and common fund doctrines;

- Award the Class its actual damages (including pre-judgment and post-judgment interest) together with all reasonable attorney's fees, litigation expenses and costs of Court including the cost of Class member notification;

- Order **SAFECO** to notify the Class of the Court's final judgment and

- Grant such other legal or equitable relief to which **ROGER MARTIN** and/or the Class may be justly entitled.

Respectfully submitted,

/s/ *James Holmes*

James A. Holmes
Texas Bar No. 00784290

**THE LAW OFFICE OF JAMES HOLMES, P.C.**

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@JamesHolmesLaw.com

**ATTORNEY FOR PLAINTIFF**

***OF COUNSEL*:**

David B. Miller
State Bar No. 00788057

***SCHNEIDER MILLER REYNOLDS, P.C.***

300 North Coit Road, Suite 1125
Richardson, Texas 75080-5535
(972) 479-1112
(972) 479-1113 (fax)
david@schneidlaw.com